## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly A. Williams<br>  *Debtor* | CHAPTER 13 |
| HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan Trust, Series 2006-WF1 Asset Backed Pass-Through Certificates<br>  *Movant*<br>vs.<br>Kimberly A. Williams<br>  *Debtor*<br>Paul F Phillips<br>  *Co-Debtor*<br>Scott F. Waterman, Esq.<br>  *Trustee* | NO. 18-15323 JKF<br><br>11 U.S.C. Section 362 and 1301 |

### STIPULATION IN SETTLEMENT OF
### DEBTOR'S MOTION TO REINSTATE THE AUTOMATIC STAY

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor's motion is hereby granted, and the stay is reinstated as to HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan Trust, Series 2006-WF1 Asset Backed Pass-Through Certificates.

2. The current post-petition arrears are:

**Post-petition payments:** January 2019 through June 2019 at $2,581.62/month
**Total:** $15,489.72

3. Debtor(s) have been approved for a trial loan modification and outstanding arrearages are to be capitalized into a final loan modification upon successful completion of the trial loan modification.

4. Beginning July 1, 2019 and continuing through September 1, 2019, Debtor(s) shall make monthly payments of $2,247.47 on or before the first (1st) day of each month in accordance with the trial loan modification terms and all monthly payments thereafter.

5. Debtor(s) shall continue making regular trial payments pending the finalization of the permanent loan modification.

6. Upon completion of the trial loan modification, Debtor(s) must seek Court approval for any final loan modification offered by Movant and Movant is to amend its filed Proof of Claim accordingly within thirty (30) days upon entry of Court approval of the final modification.

7. Should Debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation or if any monthly mortgage payments are more than thirty (30) days delinquent after a final modification has been approved, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

12. The provisions of this stipulation do not constitute a waiver Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date:  June 3, 2019                          /s/ Rebecca A. Solarz, Esquire
                                             Rebecca A. Solarz, Esquire
                                             Attorney for Movant

Date: 6/10/19
                                             George R. Tedross, Esquire
                                             Attorney for Debtor

Date: 6/21/19
                                             Scott F. Waterman, Esquire
                                             Chapter 13 Trustee

Approved by the Court this __26th__ day of __June__, 2019. However, the court retains discretion regarding entry of any further order.

*/s/ Jean K. Fitzsimon*

_____
Bankruptcy Judge
Jean K. Fitzsimon