United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Kimberly A Williams
      Debtor

Case No. 18-15323-jkf
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: PaulP     Page 1 of 1     Date Rcvd: Jun 26, 2019
                    Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 28, 2019.
db         +Kimberly A Williams,   13 Robin Hood Drive,   Levittown, PA 19054-2627

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                        TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 28, 2019                                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 26, 2019 at the address(es) listed below:
          GEORGE R. TADROSS    on behalf of Debtor Kimberly A Williams gtadross@tadrosslaw.com,
            r55386@notify.bestcase.com;robin@tadrosslaw.com
          JEROME B. BLANK    on behalf of Creditor    HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE ET. AL.
            paeb@fedphe.com
          REBECCA ANN SOLARZ    on behalf of Creditor    HSBC Bank USA, National Association As Trustee For
           Nomura Home Equity Loan Trust, Series 2006-WF1 Asset Backed Pass-Through Certificates
           bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,  ecf_frpa@trustee13.com
          THOMAS YOUNG.HAE SONG    on behalf of Creditor    HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE
           ET. AL. paeb@fedphe.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
           ECF_FRPA@Trustee13.com
                                                                                                                          TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kimberly A. Williams<br>　　　　　Debtor | CHAPTER 13 |
| HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan Trust, Series 2006-WF1 Asset Backed Pass-Through Certificates<br>　　　　　Movant<br>vs. | NO. 18-15323 JKF |
| Kimberly A. Williams<br>　　　　　Debtor | 11 U.S.C. Section 362 and 1301 |
| Paul F Phillips<br>　　　　　Co-Debtor | |
| Scott F. Waterman, Esq.<br>　　　　　Trustee | |

## STIPULATION IN SETTLEMENT OF
## DEBTOR'S MOTION TO REINSTATE THE AUTOMATIC STAY

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor's motion is hereby granted, and the stay is reinstated as to HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan Trust, Series 2006-WF1 Asset Backed Pass-Through Certificates.

2. The current post-petition arrears are:

**Post-petition payments:** January 2019 through June 2019 at $2,581.62/month
**Total:** $15,489.72

3. Debtor(s) have been approved for a trial loan modification and outstanding arrearages are to be capitalized into a final loan modification upon successful completion of the trial loan modification.

4. Beginning July 1, 2019 and continuing through September 1, 2019, Debtor(s) shall make monthly payments of $2,247.47 on or before the first (1st) day of each month in accordance with the trial loan modification terms and all monthly payments thereafter.

5. Debtor(s) shall continue making regular trial payments pending the finalization of the permanent loan modification.

6. Upon completion of the trial loan modification, Debtor(s) must seek Court approval for any final loan modification offered by Movant and Movant is to amend its filed Proof of Claim accordingly within thirty (30) days upon entry of Court approval of the final modification.

7. Should Debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation or if any monthly mortgage payments are more than thirty (30) days delinquent after a final modification has been approved, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

12. The provisions of this stipulation do not constitute a waiver Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 3, 2019

/s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 6/10/19

George R. Tadross, Esquire
Attorney for Debtor

Date: 6/21/19

Scott F. Waterman, Esquire
Chapter 13 Trustee


Approved by the Court this __26th__ day of __June__, 2019. However, the court retains discretion regarding entry of any further order.

*[Signature]*

_____
Bankruptcy Judge
Jean K. Fitzsimon